July 22, 2019

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
California Service Center
Laguna Niguel, CA 92607-0590

 

**U.S. Citizenship and Immigration Services**

LEXISNEXIS USA
c/o MICHAEL W HOOPS
DUANE MORRIS LLP
1540 BROADWAY
NEW YORK, NY 10036



WAC1814451524

Form I-129, Petition for a Nonimmigrant Worker

A111-665-024

## <u>REQUEST FOR EVIDENCE</u>

**IMPORTANT: THIS NOTICE CONTAINS YOUR UNIQUE NUMBER. THE ORIGINAL NOTICE MUST BE SUBMITTED WITH THE REQUESTED EVIDENCE.**

You are receiving this notice because U.S. Citizenship and Immigration Services (USCIS) requires additional evidence to process your form. Please provide the evidence requested below. Include duplicate copies if you are requesting consular notification.

**Your response must be received in this office by October 17, 2019.**

Please note that you have been allotted the maximum period allowed for responding to a Request for Evidence (RFE). The time period for responding cannot be extended. Title 8, Code of Federal Regulations (8 CFR) § 103.2(b)(8)(iv). Because many immigration benefits are time sensitive, you are encouraged to respond to this request as early as possible, but no later than the deadline provided above. If you do not respond to this notice within the allotted time, your case may be denied. The regulations do not provide for an extension of time to submit the requested evidence.

You must submit all requested evidence at the same time. If you submit only some of the requested evidence, USCIS will consider your response a request for a decision on the record. 8 CFR § 103.2(b)(11).

If you submit a document in any language other than English, the document must be accompanied by a full and **complete** English translation. The translator must certify that the translation is accurate and he or she is competent to translate from that language to English. **If you submit a foreign language translation in response to this request for evidence, you must also include a copy of the foreign language document.**

Processing of your Form I-129 will resume upon receipt of your response. If you have not heard from USCIS within **60 days of responding**, you may contact the USCIS Contact Center at **1-800-375-5283**. If you are hearing impaired, please call the USCIS Contact Center TDD at **1-800-767-1833.**

On April 12, 2018, your organization, LEXISNEXIS USA, filed a Petition for a Nonimmigrant

Worker (Form I-129), with U.S. Citizenship and Immigration Services (USCIS), seeking to classify CHATTERJEE, SUBHASREE (beneficiary) as a temporary worker in a specialty occupation (H-1B) under section 101(a)(15)(H)(i)(b) of the Immigration and Nationality Act (INA).

A specialty occupation is one that requires the theoretical and practical application of a body of highly specialized knowledge and that requires the attainment of a bachelor's or higher degree in a specific specialty, or its equivalent, as a minimum, for entry into the occupation in the United States.

You seek new employment for the beneficiary and requested that USCIS notify the consulate.

You stated on the Form I-129 that you are an information solutions business with 5,603 employees. You seek to employ the beneficiary as a Data Analyst from October 1, 2018 to September 1, 2021.

USCIS reviewed the initial record of evidence for eligibility in accordance with the INA and Title 8, Code of Federal Regulations (8 CFR) and could not determine whether you had established eligibility for the benefit sought.  Accordingly, USCIS issued a Request for Evidence (RFE) on May 7, 2018. On June 19, 2018, you submitted a response.  On September 13, 2018, USCIS issued a denial of the petition for the reasons discussed in that decision. On October 10, 2018, you submitted a Motion to Reopen, which was approved on January 17, 2019. USCIS issued a denial for the reasons discussed in that decision on January 23, 2019.

Subsequently, during litigation and a review of the instant petition, USCIS has vacated the prior decision and reopened the petition on its own motion.  After a thorough review, USCIS requests further evidence to establish that your organization and the beneficiary meet the criteria for petitions involving nonimmigrant worker in a specialty occupation.

To process your petition and determine whether your organization and the beneficiary are eligible, additional information is required.  This request provides suggested evidence that you may submit to satisfy each requested item.  You may:

- Submit one, some, or all of these items;
- Submit none of the suggested items and instead submit other evidence to satisfy the request;
- Explain how the evidence in the record already establishes eligibility; or
- Request a decision based on the record.

Please note that you are responsible for providing evidence showing that your organization and the beneficiary meet all requirements and are eligible for the requested benefit at the time you filed the Form I-129.  Also, note that statements made in cover letters should be supported with additional documentary evidence.



### Legal Framework

The authority of USCIS to grant H-1B nonimmigrant classification is subject to INA § 101(a)(15)(H)(i)(b), which provides, in part, for the classification of a qualified nonimmigrant:

> …who is coming temporarily to the United States to perform services…in a specialty occupation described in section 214(i)(1)…, who meets the requirements for the occupation specified in section 214(i)(2)…, and with respect to whom the Secretary of Labor determines and certifies…that the intending employer has filed with the Secretary an application under section 212(n)(1).

The INA requires that an H-1B employer shows that each H-1B beneficiary will temporarily come to "the United States to perform services…in a specialty occupation described at [INA] section 214(i)(1)."

INA § 214(i)(1) defines "specialty occupation" as follows, in relevant part:

> ...the term "specialty occupation" means an occupation that requires-
>
> (A) theoretical and practical application of a body of highly specialized knowledge, and
>
> (B) attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States.

The regulation at 8 C.F.R. § 214.2(h)(4)(ii) largely restates this statutory definition, but adds a non-exhaustive list of fields of endeavor. In addition, the regulations provide that the proffered position must meet one of the following criteria to qualify as a specialty occupation:

> (1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;
>
> (2) The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;
>
> (3) The employer normally requires a degree or its equivalent for the position; or
>
> (4) The nature of the specific duties [is] so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.

8 C.F.R. § 214.2(h)(4)(iii)(A). We construe the term "degree" to mean not just any baccalaureate or higher degree, but one in a specific specialty that is directly related to the proposed position. See Royal Siam Corp. v. Chertojf, 484 F.3d 139, 147 (1st Cir. 2007) (describing "a degree requirement in a specific specialty" as "one that relates directly to the duties and responsibilities of a particular position"); Defensor v. Meissner, 201 F.3d 384, 387 (5th Cir. 2000).

### Specialty Occupation

You must establish that the beneficiary's proffered position is a specialty occupation.  A specialty occupation is one that requires the theoretical and practical application of a body of highly specialized knowledge and that requires the attainment of a bachelor's degree or higher in a specific specialty, or, its equivalent, as a minimum for entry into the occupation in the United States.

To satisfy this requirement, you initially submitted:

- Description of the beneficiary's duties;
- A certified Labor Condition Application (LCA); and
- Information about your organization's products or services.

Subsequent to the RFE, you responded with the following:

- Letter from the petitioner dated June 12, 2018;



- Copies of six job postings;
- An expert analysis of the position dated June 11, 2018.

Evidence you provided with the Motion to Reopen include the following:

- Letter from Counsel dated October 10, 2018;
- Description of the position from the O*NET Online for the position of Business Intelligence Analyst;
- A printout titled Mathematics and Operations Research in Industry from Mathematical Association of America;
- US Department of Commerce, Economics and Statistics Administration, Economic and Statistical Analysis Budget for Fiscal Year 2014;
- Duplicate copy of the Expert Opinion Letter dated June 11, 2018.

Although you were provided a non-exhaustive list of suggested evidence, your response was found to be insufficient. The following explains why additional evidence is necessary to render a final decision.

**Specific Duties of the Offered Position and Nature of Business Operations**

USCIS does not use the job title, by itself, when determining whether a particular position qualifies as a specialty occupation.  The specific duties of the offered position, combined with the nature of the petitioning entity's business operations, are factors that USCIS considers.

The duties as described do not establish the depth, complexity, level of specialization, or substantive aspects of the duties for which the beneficiary would be responsible.  You described the duties of the proffered position in relatively generalized and abstract terms that do not relate substantial details about either the position or its constituent duties.

You describe the duties as:

- Use SQL to extract data to describe user behavior on Lexis Advance, accessing the correct data sources checking data integrity, and ensuring overall data quality. (30%)
- Use R, Python, or other statistical programming software to program analyses and generate reports leveraging proper statistical techniques such as ANOVA, t-tests, linear models, or logistic regression so that decisions on A/B test results are made with full statistical confidence. (20%)
- Perform exploratory data analyses using tools like R and Python; techniques such as descriptive statistics, kmeans clustering, hierarchical modeling and dimensionality reduction. (20%)
- Use looker or other business intelligence tools to visualize data to provide ongoing insight into key metrics for stakeholders in the UX and PM teams. (10%)
- Assist stakeholders in the formulation of hypotheses for web analytics A/B testing (10%)
- Present findings of reports to stakeholders, ensuring they understand implications of how decisions can affect the customer experience. (5%)
- Train stakeholders in the use of data tools such as Looker, ElasticSearch and Kibana; document use of those tools for stakeholder reference. (5%)

You state the beneficiary will use computer programs to extract data but you did not further elaborate how the beneficiary will use the data extracted from these computer programs. The letter submitted by Counsel, with the Motion to Reopen, states that the beneficiary will "spend equal portions of time performing other duties that are traditionally associated with a data analytics position"; however, the duties are not detailed nor have you detailed the specific tasks, methodologies and



applications of knowledge that would be required in furtherance of these overarching duties.  You provide little insight into the beneficiary's specific role within these tasks.  This type of generalized description may be appropriate when defining the range of duties that may be performed within an occupational category, but it does not adequately convey the substantive work that the beneficiary will perform.  Without a meaningful job description, the record lacks evidence sufficiently concrete and informative to demonstrate that the proffered position requires a specialty occupation's level of knowledge in a specific specialty.

In addition to providing evidence relating to the specialty occupation qualifying criteria discussed below, provide evidence that details the specific duties of the proffered position and the nature of your business operations.  Evidence may include, but is not limited to:

- A detailed statement from your company or, if the beneficiary will perform services for an end-client, the end-client to:
  - Explain the actual duties the beneficiary will perform;
  - Indicate the percentage of time devoted to each duty;
  - State the education, experience, training, and special skills required to perform these duties; and
  - Explain how the educational requirements relate to the position.

**Qualifying Criteria**

To qualify as a specialty occupation, the position must meet at least one of the following criteria.

USCIS will discuss each of the qualifying criteria for specialty occupation below.  With your response, identify which of the specialty occupation qualifying criteria you believe has been satisfied.  If you believe the offered position satisfies multiple criteria, identify the evidence that you believe satisfies each criterion.

### 1. Degree is Normally Minimum Requirement

You may establish eligibility by showing that a bachelor's degree or higher in a specific specialty, or its equivalent, is normally the minimum requirement for entry into the particular position.

The evidence you submitted is insufficient to establish eligibility under this criterion.

USCIS recognizes the *Occupational Outlook Handbook* ("OOH"), a publication of the U.S. Department of Labor (DOL), as an authoritative source on the duties and educational requirements of the wide variety of occupations that it addresses.  You provided a certified Labor Condition Application (LCA) from the DOL that the proffered position is a Computer Occupations – All Other position.  The OOH does not contain descriptions for this occupation.

In response to USCIS' request, you indicated that the position is more closely aligned with the Department of Labor's "Business Intelligence Analysts".  You state since the DOL's O*Net Online website reported that the Business Intelligence Analysts position falls under Job Zone Four, a bachelor's degree or higher in a specific specialty or its equivalent is normally the minimum requirement for entry into the particular position.

A designation of Job Zone Four indicates that a position requires considerable preparation.  It does not, however, demonstrate that a bachelor's degree in any specific specialty is required, and does not, therefore, demonstrate that a position so designated is in a specialty occupation as defined in INA §



214(i)(1) and 8 CFR § 214.2(h)(4)(ii).  O*Net explains that a Job Zone Four signifies only that most but not all of the occupations within it require a bachelor's degree.  Further, there is no evidence that a Job Zone Four occupation requires particular majors or academic concentrations.  Therefore, your citation to information on O*Net is not probative that the proffered position is a specialty occupation.

The article titled Mathematics and Operations Research in Industry from Mathematical Association of America generally describes how mathematics are important in operations research; however, it does show how it relates to your particular position or demonstrate that a bachelor's degree in a specific specialty is normally the minimum requirement for entry into your particular position.

You provided a copy of the US Department of Commerce, Economics and Statistics Administration, Economic and Statistical Analysis Budget for Fiscal Year 2014; however, you did not provide any explanation of the document shows the position requires a bachelor's degree in a specific specialty is normally the minimum requirement for entry into your particular position.

As such, you have not sufficiently established that a bachelor's degree or higher in a specific specialty, or its equivalent, is normally the minimum requirement for entry into the particular position.

You may still submit evidence to establish eligibility under this criterion.  Evidence may include, but is not limited to:

- Relevant documentation from an authoritative career resource, such as the *OOH*, which list the duties, work environment, education, training, skills, and other qualification requirements for the occupation.  Include a statement describing how the particular position relates to the occupation listed in the career guide and how the information in the career guide demonstrates that a bachelor's or higher degree in a specific specialty or its equivalent is normally the minimum requirement for the particular position.
- Any evidence you believe will establish that a bachelor's or higher degree or its equivalent is normally the minimum requirement for entry into the particular position.

### 2.a.  Degree Common to the Industry

You may establish eligibility by showing that the degree requirement of a bachelor's degree or higher in a specific specialty, or its equivalent, is common to the industry in parallel positions among similar organizations.

You submitted job postings from several employers.  To establish that the degree requirement is common to the industry in parallel positions among similar organizations, you must show that your organization and those employers share similar characteristics.  When determining whether your organization and an advertising employer share similar characteristics, such factors may include information regarding the nature or type of organization; when pertinent, the particular scope of operations; and as well as the level of revenue and staffing (to list just a few elements that may be considered).  It is not sufficient to claim that an organization is similar and in the same industry without providing a basis for such an assertion.

Here, you did not explain or provide evidence whether the employers who placed the job postings share similar characteristics with your organization. While the postings do specify a specific specialty, they do not limit the field of study to a particular field. The job postings state a variety of other disparate fields of study, including operations research, economics, business, accounting, engineering without a stated specialty or another quantitative field are suitable to qualify a person to perform the duties of the positions.

In addition, you did not provide documentation that industry-related professional associations have made a bachelor's degree in a specific specialty a requirement for entry into the position. Further, you did not submit letters or affidavits from firms or individuals in the industry that attest that such businesses routinely employ and recruit only degreed individuals. Also, no other evidence was submitted that is sufficient to establish that the degree requirement is common to the industry in parallel positions among similar organizations. Accordingly, you have not met this criterion.

Thus, you have not shown that a requirement for a bachelor's degree or higher or its equivalent in a specific specialty is common to the industry in parallel positions among similar organizations.

You may still submit evidence to establish eligibility under this criterion.  Evidence may include, but is not limited to:

- Job postings or advertisements showing a degree requirement of a bachelor's degree or higher in a specific specialty, or its equivalent, is common to the industry in parallel positions among similar organizations.  Any job postings or advertisements should be supported by documentation of the following:
    - The date and source of the job posting or announcement;
    - A detailed description of the duties of the position and the educational, training, and experience requirements of the position;
    - The company or firm offering the position in these job postings or announcements is within your industry and is similar to your organization; and
    - The job postings or advertisements represent the industry standards for the position.
- Letters from an industry-related professional association indicating that similar organizations routinely employ and recruit only individuals with a bachelor's degree or higher in a specific specialty, or its equivalent for parallel positions.
- Copies of letters or affidavits from firms or individuals in the industry attesting that similar organizations routinely employ and recruit only individuals with a bachelor's degree or higher in a specific specialty, or its equivalent for parallel positions.  Any letter or affidavit should be supported by documentation of the following:
    - The writer's qualifications as an expert;
    - How the writer's conclusions were reached; and
    - The basis for the writer's conclusions, supported by copies or citations of any materials used.

### 2.b. Position So Complex or Unique

You may establish eligibility by showing that the particular position is so complex or unique that it can be performed only by an individual with a bachelor's degree or higher in a specific specialty, or its equivalent.

You submitted a breakdown of the job duties for the proffered position along with the percentage of time that the beneficiary will spend on the various duties. However, the submitted list of duties provides no further detail as to the unique or complex nature of the proffered position. This breakdown is not viewed as sufficient to establish that the proffered position is more unique or complex than other similar positions within the same industry. Without additional evidence showing the unique or complex nature of the position, or how this position differs from other similar positions within the same industry, you have not met this criterion.

As discussed above, the position description you provided does not show that the particular position is



so complex or unique that the position requires a bachelor's degree or higher or its equivalent in a specific specialty.

You may still submit evidence to establish eligibility under this criterion.  Evidence may include, but is not limited to:

- Letters from an industry-related professional association indicating that the particular position is so complex or unique that it can be performed only by an individual with a bachelor's degree or higher in a specific specialty, or its equivalent.
- Copies of letters or affidavits from firms or individuals in the industry attesting that the particular position is so complex or unique that it can be performed only by an individual with a bachelor's degree or higher in a specific specialty, or its equivalent.  Any letter or affidavit should be supported by documentation of the following:
    - The writer's qualifications as an expert;
    - The writer's knowledge of your business;
    - How the writer's conclusions were reached; and
    - The basis for the writer's conclusions, supported by copies or citations of any materials used.
- Copies of trade publications or other articles within your industry which demonstrate and highlight the specific complex or unique functions of the particular position, which can only be performed only by an individual with a bachelor's degree or higher in a specific specialty, or its equivalent.

### 3. Employer Normally Requires Degree or its Equivalent

You may establish eligibility by showing that you normally require a bachelor's degree or higher in a specific specialty, or its equivalent, for the position.

You did not submit copies of your job announcements for this position.

You may still submit evidence to establish eligibility under this criterion.  Evidence may include, but is not limited to:

- An organizational chart showing your hierarchy and staffing levels with corresponding educational and experience requirements for the positions.  The educational requirements should include the field of study (e.g. computer science) in addition to the educational level (e.g. bachelor's degree).
- Copies of present and past job postings or announcements for the proffered position showing that you require or, if the beneficiary will perform services for an end-client, the end-client requires applicants to have a minimum of a bachelor's or higher degree in a specific specialty or its equivalent.
- Documentary evidence of your past employment practices for the position, including:
    - Documentation which lists the number of employees hired in the most recent two years for the position;
    - Copies of employment or pay records identifying past and present employees in this position;
    - Copies of degrees and/or transcripts to verify the level of education and field of study of each individual hired for this position in the last two years.  Additionally, provide evidence to establish the duties that the individuals performed, such as official position descriptions, job offer letters, job postings, or performance reviews; and
    - An organizational chart or diagram, showing your organizational structure and staffing

levels.

- Documentation which lists the educational, experience, training, and skills requirements of the offered position, such as official position descriptions, job offer letters, or job postings.

**4. <u>Nature of Specific Duties So Specialized and Complex</u>**

You may establish eligibility by demonstrating that the nature of the specific duties of the offered position are so specialized and complex that the knowledge required to perform these duties is usually associated with the attainment of a bachelor's degree or higher in a specific specialty, or its equivalent.

You provided an advisory opinion of the proffered position from a college professor at Seattle Pacific University. The professor opined that the duties of the proffered position are so specialized and complex that the knowledge required to perform these duties requires the attainment of a minimum of a bachelor's degree in Business Analytics, Statistics, Mathematics or a related quantitative field.

The professor states that he came to the conclusion that the position of Data Analyst is a specialty occupation based on the following evidence:

1. A copy of a letter written to USCIS by Leticia Andrade, Immigration Compliance Specialist, dated March 7, 2018.
2. A copy of a document that provides the job responsibilities for the position of Data Analyst at LexisNexis USA.
3. A copy of the LCA filed for this case.
4. A copy of a diploma that Ms. Subhasree Chatterjee received from the University of Cincinnati stating that she earned the degree of Master of Science, along with a copy of an official Transcript document listing the courses taken and the grades received in each course while obtaining the degree. The transcript states the she was in the Business Administration (Business Analytics) Program.

The professor states he reached this conclusion by relying on your description of the position and by visiting your website rather than any specific study of the position at your organization. There is no evidence that the professor knew any more about the specific duties of the position than what you provided. For instance, there is no indication that the professor visited your business, observed your employees, interviewed them about the nature of their work, or documented the knowledge that they apply on the job. The professor's opinion does not relate the professor's conclusion to specific, concrete aspects of your business operations so as to demonstrate a sound factual basis for the professor's conclusions about the educational requirements for the proffered position. Also, the professor's opinion is not supported by copies or citations of research material that may have been used.

Additionally, the professor's stated he reviewed an open full time employment position for "Data Analyst" on the Lexis Nexis website and that the job description requires a minimum of a bachelor's degree in Business Analytics, Statistics, Mathematics or a related quantitative field; however, the job posting was provided. USCIS reviewed an open position for Data Analyst at your organization, which states the petitioner will accept BA or BS degree in data science, data analytics, information systems, computer science, statistics, mathematics or relevant field required; therefore the professors conclusion regarding the degree requirements does not appear to match the requirements posted on job announcements from your organization for similar positions.

The professor has not provided sufficient facts that would support the contention that the proffered position requires at least a bachelor's degree or higher or its equivalent in a specific specialty.



Given the professor's limited review of the duties of the position, based largely on the job descriptions furnished by you, USCIS gives less weight to the professor's opinion.  The evidence does not distinguish the difference between the duties to be performed by the beneficiary and those normally performed by similar workers, and how the duties of the proffered position are more specialized and complex.  There is nothing else in the record compelling USCIS to a different result.

USCIS may use as advisory opinion statements submitted as expert testimony.  However, where an opinion is not in accord with other information or is in any way questionable, USCIS is not required to accept or may give less weight to that evidence.  *Matter of Caron International*, 19 I&N Dec. 791 (Comm'r 1988).  Thus, USCIS discounts the advisory opinion as not probative of any criterion of 8 CFR § 214.2(h)(4)(iii)( A).

Here, you have not shown that the duties of the position are so specialized and complex that the knowledge required to perform these duties is usually associated with the attainment of a bachelor's degree or higher in a specific specialty, or its equivalent.  Thus, you have not established eligibility under this criterion.

Moreover, as discussed above, you have not established how each of the qualifying fields of study that you have listed for the proffered position is directly related to the duties and responsibilities of the position. Accordingly, it is not apparent that the nature of the specific duties of the offered position are so specialized and complex that the knowledge required to perform these duties is usually associated with the attainment of a bachelor's degree or higher in a *specific specialty*, or its equivalent, based on your own educational requirements.

You may still submit evidence to establish eligibility under this criterion.  Evidence may include, but is not limited to:

- An explanation of the specific duties, as they relate to your products and services, and how the nature of those duties of the offered position are so specialized and complex, that they are usually associated with the attainment of a bachelor's degree or higher in a specific field of study; provide an explanation of what differentiates your products and services from other employers in the same industry. Be specific and provide documentation to support any explanation of specialization and complexity.
- Copies of letters or affidavits from firms, individuals, professional associations, or customers attesting that the nature of your products and services are so specialized and complex that a bachelor's level of education, or higher, in a specific field of study is a prerequisite for entry into the offered position.  Any letter or affidavit should be supported by documentation of the following:
    - The writer's qualifications as an expert;
    - How the writer's conclusions were reached; and
    - The basis for the writer's conclusions, supported by copies or citations of any materials used.
- Copies of trade publications or other articles about your company that highlights the nature of your products and services and demonstrates that the specific duties of the offered position are so specialized and complex that a bachelor's level of education, or higher, in a specific field of study is a prerequisite for entry into the position.

<u>PLEASE RETURN THE REQUESTED INFORMATION AND ALL SUPPORTING DOCUMENTS</u>
<u>WITH THIS ORIGINAL REQUEST ON TOP TO:</u>
**<u>U.S. CITIZENSHIP AND IMMIGRATION SERVICES</u>**
**<u>P.O. BOX 10590</u>**

**LAGUNA NIGUEL, CA. 92607-0590**

Sincerely,

Kathy A. Baran
Director, California Service Center

July 22, 2019

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
California Service Center
Laguna Niguel, CA 92607-0590



 **U.S. Citizenship and Immigration Services**

LEXISNEXIS USA
c/o LETICIA ANDRADE
1100 ALDERMAN DRIVE
ALPHARETTA, GA 30005


WAC1814451524

Form I-129, Petition for a Nonimmigrant Worker

A111-665-024

## <u>REQUEST FOR EVIDENCE</u>

**IMPORTANT: THIS NOTICE CONTAINS YOUR UNIQUE NUMBER. THE ORIGINAL NOTICE MUST BE SUBMITTED WITH THE REQUESTED EVIDENCE.**

You are receiving this notice because U.S. Citizenship and Immigration Services (USCIS) requires additional evidence to process your form. Please provide the evidence requested below. Include duplicate copies if you are requesting consular notification.

**Your response must be received in this office by October 17, 2019.**

Please note that you have been allotted the maximum period allowed for responding to a Request for Evidence (RFE). The time period for responding cannot be extended. Title 8, Code of Federal Regulations (8 CFR) § 103.2(b)(8)(iv). Because many immigration benefits are time sensitive, you are encouraged to respond to this request as early as possible, but no later than the deadline provided above. If you do not respond to this notice within the allotted time, your case may be denied. The regulations do not provide for an extension of time to submit the requested evidence.

You must submit all requested evidence at the same time. If you submit only some of the requested evidence, USCIS will consider your response a request for a decision on the record. 8 CFR § 103.2(b)(11).

If you submit a document in any language other than English, the document must be accompanied by a full and **complete** English translation. The translator must certify that the translation is accurate and he or she is competent to translate from that language to English. **If you submit a foreign language translation in response to this request for evidence, you must also include a copy of the foreign language document.**

Processing of your Form I-129 will resume upon receipt of your response. If you have not heard from USCIS within **60 days of responding**, you may contact the USCIS Contact Center at **1-800-375-5283**. If you are hearing impaired, please call the USCIS Contact Center TDD at **1-800-767-1833.**

On April 12, 2018, your organization, LEXISNEXIS USA, filed a Petition for a Nonimmigrant

Worker (Form I-129), with U.S. Citizenship and Immigration Services (USCIS), seeking to classify CHATTERJEE, SUBHASREE (beneficiary) as a temporary worker in a specialty occupation (H-1B) under section 101(a)(15)(H)(i)(b) of the Immigration and Nationality Act (INA).

A specialty occupation is one that requires the theoretical and practical application of a body of highly specialized knowledge and that requires the attainment of a bachelor's or higher degree in a specific specialty, or its equivalent, as a minimum, for entry into the occupation in the United States.

You seek new employment for the beneficiary and requested that USCIS notify the consulate.

You stated on the Form I-129 that you are an information solutions business with 5,603 employees. You seek to employ the beneficiary as a Data Analyst from October 1, 2018 to September 1, 2021.

USCIS reviewed the initial record of evidence for eligibility in accordance with the INA and Title 8, Code of Federal Regulations (8 CFR) and could not determine whether you had established eligibility for the benefit sought.  Accordingly, USCIS issued a Request for Evidence (RFE) on May 7, 2018. On June 19, 2018, you submitted a response.  On September 13, 2018, USCIS issued a denial of the petition for the reasons discussed in that decision. On October 10, 2018, you submitted a Motion to Reopen, which was approved on January 17, 2019. USCIS issued a denial for the reasons discussed in that decision on January 23, 2019.

Subsequently, during litigation and a review of the instant petition, USCIS has vacated the prior decision and reopened the petition on its own motion.  After a thorough review, USCIS requests further evidence to establish that your organization and the beneficiary meet the criteria for petitions involving nonimmigrant worker in a specialty occupation.

To process your petition and determine whether your organization and the beneficiary are eligible, additional information is required.  This request provides suggested evidence that you may submit to satisfy each requested item.  You may:

- Submit one, some, or all of these items;
- Submit none of the suggested items and instead submit other evidence to satisfy the request;
- Explain how the evidence in the record already establishes eligibility; or
- Request a decision based on the record.

Please note that you are responsible for providing evidence showing that your organization and the beneficiary meet all requirements and are eligible for the requested benefit at the time you filed the Form I-129.  Also, note that statements made in cover letters should be supported with additional documentary evidence.



### Legal Framework

The authority of USCIS to grant H-1B nonimmigrant classification is subject to INA § 101(a)(15)(H)(i)(b), which provides, in part, for the classification of a qualified nonimmigrant:

> …who is coming temporarily to the United States to perform services…in a specialty occupation described in section 214(i)(1)…, who meets the requirements for the occupation specified in section 214(i)(2)…, and with respect to whom the Secretary of Labor determines and certifies…that the intending employer has filed with the Secretary an application under section 212(n)(1).

The INA requires that an H-1B employer shows that each H-1B beneficiary will temporarily come to "the United States to perform services...in a specialty occupation described at [INA] section 214(i)(1)."

INA § 214(i)(1) defines "specialty occupation" as follows, in relevant part:

> ...the term "specialty occupation" means an occupation that requires-
>
> (A) theoretical and practical application of a body of highly specialized knowledge, and
>
> (B) attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States.

The regulation at 8 C.F.R. § 214.2(h)(4)(ii) largely restates this statutory definition, but adds a non-exhaustive list of fields of endeavor. In addition, the regulations provide that the proffered position must meet one of the following criteria to qualify as a specialty occupation:

> (1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;
>
> (2) The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;
>
> (3) The employer normally requires a degree or its equivalent for the position; or
>
> (4) The nature of the specific duties [is] so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.

8 C.F.R. § 214.2(h)(4)(iii)(A). We construe the term "degree" to mean not just any baccalaureate or higher degree, but one in a specific specialty that is directly related to the proposed position. See Royal Siam Corp. v. Chertojf, 484 F.3d 139, 147 (1st Cir. 2007) (describing "a degree requirement in a specific specialty" as "one that relates directly to the duties and responsibilities of a particular position"); Defensor v. Meissner, 201 F.3d 384, 387 (5th Cir. 2000).



### Specialty Occupation

You must establish that the beneficiary's proffered position is a specialty occupation. A specialty occupation is one that requires the theoretical and practical application of a body of highly specialized knowledge and that requires the attainment of a bachelor's degree or higher in a specific specialty, or its equivalent, as a minimum for entry into the occupation in the United States.

To satisfy this requirement, you initially submitted:

- Description of the beneficiary's duties;
- A certified Labor Condition Application (LCA); and
- Information about your organization's products or services.

Subsequent to the RFE, you responded with the following:

- Letter from the petitioner dated June 12, 2018;

- Copies of six job postings;
- An expert analysis of the position dated June 11, 2018.

Evidence you provided with the Motion to Reopen include the following:

- Letter from Counsel dated October 10, 2018;
- Description of the position from the O*NET Online for the position of Business Intelligence Analyst;
- A printout titled Mathematics and Operations Research in Industry from Mathematical Association of America;
- US Department of Commerce, Economics and Statistics Administration, Economic and Statistical Analysis Budget for Fiscal Year 2014;
- Duplicate copy of the Expert Opinion Letter dated June 11, 2018.

Although you were provided a non-exhaustive list of suggested evidence, your response was found to be insufficient.The following explains why additional evidence is necessary to render a final decision.

**Specific Duties of the Offered Position and Nature of Business Operations**

USCIS does not use the job title, by itself, when determining whether a particular position qualifies as a specialty occupation.  The specific duties of the offered position, combined with the nature of the petitioning entity's business operations, are factors that USCIS considers.

The duties as described do not establish the depth, complexity, level of specialization, or substantive aspects of the duties for which the beneficiary would be responsible.  You described the duties of the proffered position in relatively generalized and abstract terms that do not relate substantial details about either the position or its constituent duties.

You describe the duties as:

- Use SQL to extract data to describe user behavior on Lexis Advance, accessing the correct data sources checking data integrity, and ensuring overall data quality. (30%)
- Use R, Python, or other statistical programming software to program analyses and generate reports leveraging proper statistical techniques such as ANOVA, t-tests, linear models, or logistic regression so that decisions on A/B test results are made with full statistical confidence. (20%)
- Perform exploratory data analyses using tools like R and Python; techniques such as descriptive statistics, kmeans clustering, hierarchical modeling and dimensionality reduction. (20%)
- Use looker or other business intelligence tools to visualize data to provide ongoing insight into key metrics for stakeholders in the UX and PM teams. (10%)
- Assist stakeholders in the formulation of hypotheses for web analytics A/B testing (10%)
- Present findings of reports to stakeholders, ensuring they understand implications of how decisions can affect the customer experience. (5%)
- Train stakeholders in the use of data tools such as Looker, ElasticSearch and Kibana; document use of those tools for stakeholder reference. (5%)

You state the beneficiary will use computer programs to extract data but you did not further elaborate how the beneficiary will use the data extracted from these computer programs. The letter submitted by Counsel, with the Motion to Reopen, states that the beneficiary will "spend equal portions of time performing other duties that are traditionally associated with a data analytics position"; however, the duties are not detailed nor have you detailed the specific tasks, methodologies and



applications of knowledge that would be required in furtherance of these overarching duties. You provide little insight into the beneficiary's specific role within these tasks. This type of generalized description may be appropriate when defining the range of duties that may be performed within an occupational category, but it does not adequately convey the substantive work that the beneficiary will perform. Without a meaningful job description, the record lacks evidence sufficiently concrete and informative to demonstrate that the proffered position requires a specialty occupation's level of knowledge in a specific specialty.

In addition to providing evidence relating to the specialty occupation qualifying criteria discussed below, provide evidence that details the specific duties of the proffered position and the nature of your business operations. Evidence may include, but is not limited to:

- A detailed statement from your company or, if the beneficiary will perform services for an end-client, the end-client to:
    - Explain the actual duties the beneficiary will perform;
    - Indicate the percentage of time devoted to each duty;
    - State the education, experience, training, and special skills required to perform these duties; and
    - Explain how the educational requirements relate to the position.

**Qualifying Criteria**

To qualify as a specialty occupation, the position must meet at least one of the following criteria.

USCIS will discuss each of the qualifying criteria for specialty occupation below. With your response, identify which of the specialty occupation qualifying criteria you believe has been satisfied. If you believe the offered position satisfies multiple criteria, identify the evidence that you believe satisfies each criterion.

### 1. Degree is Normally Minimum Requirement

You may establish eligibility by showing that a bachelor's degree or higher in a specific specialty, or its equivalent, is normally the minimum requirement for entry into the particular position.

The evidence you submitted is insufficient to establish eligibility under this criterion.

USCIS recognizes the *Occupational Outlook Handbook* ("OOH"), a publication of the U.S. Department of Labor (DOL), as an authoritative source on the duties and educational requirements of the wide variety of occupations that it addresses. You provided a certified Labor Condition Application (LCA) from the DOL that the proffered position is a Computer Occupations – All Other position. The OOH does not contain descriptions for this occupation.

In response to USCIS' request, you indicated that the position is more closely aligned with the Department of Labor's "Business Intelligence Analysts". You state since the DOL's O*Net Online website reported that the Business Intelligence Analysts position falls under Job Zone Four, a bachelor's degree or higher in a specific specialty or its equivalent is normally the minimum requirement for entry into the particular position.

A designation of Job Zone Four indicates that a position requires considerable preparation. It does not, however, demonstrate that a bachelor's degree in any specific specialty is required, and does not, therefore, demonstrate that a position so designated is in a specialty occupation as defined in INA §



214(i)(1) and 8 CFR § 214.2(h)(4)(ii).  O*Net explains that a Job Zone Four signifies only that most but not all of the occupations within it require a bachelor's degree.  Further, there is no evidence that a Job Zone Four occupation requires particular majors or academic concentrations.  Therefore, your citation to information on O*Net is not probative that the proffered position is a specialty occupation.

The article titled Mathematics and Operations Research in Industry from Mathematical Association of America generally describes how mathematics are important in operations research; however, it does show how it relates to your particular position or demonstrate that a bachelor's degree in a specific specialty is normally the minimum requirement for entry into your particular position.

You provided a copy of the US Department of Commerce, Economics and Statistics Administration, Economic and Statistical Analysis Budget for Fiscal Year 2014; however, you did not provide any explanation of the document shows the position requires a bachelor's degree in a specific specialty is normally the minimum requirement for entry into your particular position.

As such, you have not sufficiently established that a bachelor's degree or higher in a specific specialty, or its equivalent, is normally the minimum requirement for entry into the particular position.

You may still submit evidence to establish eligibility under this criterion.  Evidence may include, but is not limited to:

- Relevant documentation from an authoritative career resource, such as the *OOH*, which list the duties, work environment, education, training, skills, and other qualification requirements for the occupation.  Include a statement describing how the particular position relates to the occupation listed in the career guide and how the information in the career guide demonstrates that a bachelor's or higher degree in a specific specialty or its equivalent is normally the minimum requirement for the particular position.
- Any evidence you believe will establish that a bachelor's or higher degree or its equivalent is normally the minimum requirement for entry into the particular position.

### 2.a.  Degree Common to the Industry

You may establish eligibility by showing that the degree requirement of a bachelor's degree or higher in a specific specialty, or its equivalent, is common to the industry in parallel positions among similar organizations.

You submitted job postings from several employers.  To establish that the degree requirement is common to the industry in parallel positions among similar organizations, you must show that your organization and those employers share similar characteristics.  When determining whether your organization and an advertising employer share similar characteristics, such factors may include information regarding the nature or type of organization; when pertinent, the particular scope of operations; and as well as the level of revenue and staffing (to list just a few elements that may be considered).  It is not sufficient to claim that an organization is similar and in the same industry without providing a basis for such an assertion.

Here, you did not explain or provide evidence whether the employers who placed the job postings share similar characteristics with your organization. While the postings do specify a specific specialty, they do not limit the field of study to a particular field. The job postings state a variety of other disparate fields of study, including operations research, economics, business, accounting, engineering without a stated specialty or another quantitative field are suitable to qualify a person to perform the duties of the positions.



In addition, you did not provide documentation that industry-related professional associations have made a bachelor's degree in a specific specialty a requirement for entry into the position. Further, you did not submit letters or affidavits from firms or individuals in the industry that attest that such businesses routinely employ and recruit only degreed individuals. Also, no other evidence was submitted that is sufficient to establish that the degree requirement is common to the industry in parallel positions among similar organizations. Accordingly, you have not met this criterion.

Thus, you have not shown that a requirement for a bachelor's degree or higher or its equivalent in a specific specialty is common to the industry in parallel positions among similar organizations.

You may still submit evidence to establish eligibility under this criterion.  Evidence may include, but is not limited to:

- Job postings or advertisements showing a degree requirement of a bachelor's degree or higher in a specific specialty, or its equivalent, is common to the industry in parallel positions among similar organizations.  Any job postings or advertisements should be supported by documentation of the following:
    - The date and source of the job posting or announcement;
    - A detailed description of the duties of the position and the educational, training, and experience requirements of the position;
    - The company or firm offering the position in these job postings or announcements is within your industry and is similar to your organization; and
    - The job postings or advertisements represent the industry standards for the position.
- Letters from an industry-related professional association indicating that similar organizations routinely employ and recruit only individuals with a bachelor's degree or higher in a specific specialty, or its equivalent for parallel positions.
- Copies of letters or affidavits from firms or individuals in the industry attesting that similar organizations routinely employ and recruit only individuals with a bachelor's degree or higher in a specific specialty, or its equivalent for parallel positions.  Any letter or affidavit should be supported by documentation of the following:
    - The writer's qualifications as an expert;
    - How the writer's conclusions were reached; and
    - The basis for the writer's conclusions, supported by copies or citations of any materials used.

### 2.b. <u>Position So Complex or Unique</u>

You may establish eligibility by showing that the particular position is so complex or unique that it can be performed only by an individual with a bachelor's degree or higher in a specific specialty, or its equivalent.

You submitted a breakdown of the job duties for the proffered position along with the percentage of time that the beneficiary will spend on the various duties. However, the submitted list of duties provides no further detail as to the unique or complex nature of the proffered position. This breakdown is not viewed as sufficient to establish that the proffered position is more unique or complex than other similar positions within the same industry. Without additional evidence showing the unique or complex nature of the position, or how this position differs from other similar positions within the same industry, you have not met this criterion.

As discussed above, the position description you provided does not show that the particular position is



so complex or unique that the position requires a bachelor's degree or higher or its equivalent in a specific specialty.

You may still submit evidence to establish eligibility under this criterion.  Evidence may include, but is not limited to:

- Letters from an industry-related professional association indicating that the particular position is so complex or unique that it can be performed only by an individual with a bachelor's degree or higher in a specific specialty, or its equivalent.
- Copies of letters or affidavits from firms or individuals in the industry attesting that the particular position is so complex or unique that it can be performed only by an individual with a bachelor's degree or higher in a specific specialty, or its equivalent.  Any letter or affidavit should be supported by documentation of the following:
  - The writer's qualifications as an expert;
  - The writer's knowledge of your business;
  - How the writer's conclusions were reached; and
  - The basis for the writer's conclusions, supported by copies or citations of any materials used.
- Copies of trade publications or other articles within your industry which demonstrate and highlight the specific complex or unique functions of the particular position, which can only be performed only by an individual with a bachelor's degree or higher in a specific specialty, or its equivalent.

### 3. <u>Employer Normally Requires Degree or its Equivalent</u>

You may establish eligibility by showing that you normally require a bachelor's degree or higher in a specific specialty, or its equivalent, for the position.

You did not submit copies of your job announcements for this position.

You may still submit evidence to establish eligibility under this criterion.  Evidence may include, but is not limited to:

- An organizational chart showing your hierarchy and staffing levels with corresponding educational and experience requirements for the positions.  The educational requirements should include the field of study (e.g. computer science) in addition to the educational level (e.g. bachelor's degree).
- Copies of present and past job postings or announcements for the proffered position showing that you require or, if the beneficiary will perform services for an end-client, the end-client requires applicants to have a minimum of a bachelor's or higher degree in a specific specialty or its equivalent.
- Documentary evidence of your past employment practices for the position, including:
  - Documentation which lists the number of employees hired in the most recent two years for the position;
  - Copies of employment or pay records identifying past and present employees in this position;
  - Copies of degrees and/or transcripts to verify the level of education and field of study of each individual hired for this position in the last two years.  Additionally, provide evidence to establish the duties that the individuals performed, such as official position descriptions, job offer letters, job postings, or performance reviews; and
  - An organizational chart or diagram, showing your organizational structure and staffing



levels.

- Documentation which lists the educational, experience, training, and skills requirements of the offered position, such as official position descriptions, job offer letters, or job postings.

**4. <u>Nature of Specific Duties So Specialized and Complex</u>**

You may establish eligibility by demonstrating that the nature of the specific duties of the offered position are so specialized and complex that the knowledge required to perform these duties is usually associated with the attainment of a bachelor's degree or higher in a specific specialty, or its equivalent.

You provided an advisory opinion of the proffered position from a college professor at Seattle Pacific University. The professor opined that the duties of the proffered position are so specialized and complex that the knowledge required to perform these duties requires the attainment of a minimum of a bachelor's degree in Business Analytics, Statistics, Mathematics or a related quantitative field.

The professor states that he came to the conclusion that the position of Data Analyst is a specialty occupation based on the following evidence:

1. A copy of a letter written to USCIS by Leticia Andrade, Immigration Compliance Specialist, dated March 7, 2018.
2. A copy of a document that provides the job responsibilities for the position of Data Analyst at LexisNexis USA.
3. A copy of the LCA filed for this case.
4. A copy of a diploma that Ms. Subhasree Chatterjee received from the University of Cincinnati stating that she earned the degree of Master of Science, along with a copy of an official Transcript document listing the courses taken and the grades received in each course while obtaining the degree. The transcript states the she was in the Business Administration (Business Analytics) Program.

The professor states he reached this conclusion by relying on your description of the position and by visiting your website rather than any specific study of the position at your organization. There is no evidence that the professor knew any more about the specific duties of the position than what you provided. For instance, there is no indication that the professor visited your business, observed your employees, interviewed them about the nature of their work, or documented the knowledge that they apply on the job. The professor's opinion does not relate the professor's conclusion to specific, concrete aspects of your business operations so as to demonstrate a sound factual basis for the professor's conclusions about the educational requirements for the proffered position. Also, the professor's opinion is not supported by copies or citations of research material that may have been used.

Additionally, the professor's stated he reviewed an open full time employment position for "Data Analyst" on the Lexis Nexis website and that the job description requires a minimum of a bachelor's degree in Business Analytics, Statistics, Mathematics or a related quantitative field; however, the job posting was provided. USCIS reviewed an open position for Data Analyst at your organization, which states the petitioner will accept BA or BS degree in data science, data analytics, information systems, computer science, statistics, mathematics or relevant field required; therefore the professors conclusion regarding the degree requirements does not appear to match the requirements posted on job announcements from your organization for similar positions.

The professor has not provided sufficient facts that would support the contention that the proffered position requires at least a bachelor's degree or higher or its equivalent in a specific specialty.



Given the professor's limited review of the duties of the position, based largely on the job descriptions furnished by you, USCIS gives less weight to the professor's opinion. The evidence does not distinguish the difference between the duties to be performed by the beneficiary and those normally performed by similar workers, and how the duties of the proffered position are more specialized and complex. There is nothing else in the record compelling USCIS to a different result.

USCIS may use as advisory opinion statements submitted as expert testimony. However, where an opinion is not in accord with other information or is in any way questionable, USCIS is not required to accept or may give less weight to that evidence. *Matter of Caron International*, 19 I&N Dec. 791 (Comm'r 1988). Thus, USCIS discounts the advisory opinion as not probative of any criterion of 8 CFR § 214.2(h)(4)(iii)( A).

Here, you have not shown that the duties of the position are so specialized and complex that the knowledge required to perform these duties is usually associated with the attainment of a bachelor's degree or higher in a specific specialty, or its equivalent. Thus, you have not established eligibility under this criterion.

Moreover, as discussed above, you have not established how each of the qualifying fields of study that you have listed for the proffered position is directly related to the duties and responsibilities of the position. Accordingly, it is not apparent that the nature of the specific duties of the offered position are so specialized and complex that the knowledge required to perform these duties is usually associated with the attainment of a bachelor's degree or higher in a *specific specialty*, or its equivalent, based on your own educational requirements.



You may still submit evidence to establish eligibility under this criterion. Evidence may include, but is not limited to:

- An explanation of the specific duties, as they relate to your products and services, and how the nature of those duties of the offered position are so specialized and complex, that they are usually associated with the attainment of a bachelor's degree or higher in a specific field of study; provide an explanation of what differentiates your products and services from other employers in the same industry. Be specific and provide documentation to support any explanation of specialization and complexity.
- Copies of letters or affidavits from firms, individuals, professional associations, or customers attesting that the nature of your products and services are so specialized and complex that a bachelor's level of education, or higher, in a specific field of study is a prerequisite for entry into the offered position. Any letter or affidavit should be supported by documentation of the following:
    - The writer's qualifications as an expert;
    - How the writer's conclusions were reached; and
    - The basis for the writer's conclusions, supported by copies or citations of any materials used.
- Copies of trade publications or other articles about your company that highlights the nature of your products and services and demonstrates that the specific duties of the offered position are so specialized and complex that a bachelor's level of education, or higher, in a specific field of study is a prerequisite for entry into the position.

<u>PLEASE RETURN THE REQUESTED INFORMATION AND ALL SUPPORTING DOCUMENTS</u>
<u>WITH THIS ORIGINAL REQUEST ON TOP TO:</u>
**<u>U.S. CITIZENSHIP AND IMMIGRATION SERVICES</u>**
**<u>P.O. BOX 10590</u>**

**LAGUNA NIGUEL, CA. 92607-0590**

Sincerely,

Kathy A. Baran
Director, California Service Center