UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **RELX, INC. d/b/a LexisNexis USA,** | ) ) ) | |
| and | ) ) | |
| **SUBHASREE CHATTERJEE** | ) ) ) | |
| Plaintiffs, | ) ) ) | Case No.: 1:19-cv-01993-EGS |
| v. | ) ) | |
| **KATHY A. BARAN,** in her Official Capacity, Director of the California Service Center, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security, ET AL. | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## NOTICE OF SUPPLEMENTAL AUTHORITY AND CORRECTION OF THE RECORD

Plaintiffs RELX, Inc. d/b/a LexisNexis USA ("LexisNexis") and Subhasree Chatterjee ("Chatterjee") hereby submit this Notice of Supplemental Authority and Correction of the Record.

At oral argument earlier today, the Court asked Plaintiffs' counsel to provide the regulatory authority for Ms. Chatterjee's visa status after her F-1 student visa expires on August 3, 2019. The request was based, in part, on Plaintiffs' counsel's representation to the Court that the H-1B Visa Petition at issue in this case requested a "change in status" from Ms. Chatterjee's current F-1 visa.

Upon review of the Administrative Record in this case, it appears that the visa petition at issue in this case checked Box 4(a) stating: "Notify the office in Part 4, so each

1

beneficiary can obtain a visa or be admitted" and not Box 4(b) requesting a "change in status." *See* AR 014. Hence, this is a "consular notification" petition and not a "change in status" petition. The undersigned counsel apologize to the Court for the unintentional factual error and make this corrected representation this evening (and immediately upon discovery) so that the Court may consider the correct facts as it prepares for tomorrow's continued motion hearing. The Government correctly noted the "consular notification" request in its Motion to Dismiss, ECF #12-1 at 9, so there is no prejudice to the Government.

"Consular notification" simply means that when the H-1B petition is approved, Ms. Chatterjee may file – with an appropriate U.S. Embassy - a visa application and schedule a visa appointment. Ms. Chatterjee cannot file such application with the Embassy or schedule a visa appointment until after either USCIS or the Court grants the H-1B petition. *See* https://in.usembassy.gov/visas/nonimmigrant-visas/ (Types of Visas) ("3. Work (H1b, L-1) – H and L visas require approved petitions from the U.S. Department of Homeland Security before a visa interview can be scheduled."); *see also* 22 C.F.R. § 41.53(a)(2)("An alien shall be classifiable under INA 101(a)(15)(H) if: . . . With respect to the principal alien, the consular officer has received official evidence of the approval by DHS . . .").

Only after the H-1B visa petition is granted can Ms. Chatterjee file the application and schedule the visa appointment with the appropriate U.S. Embassy and she may do so while she is still located within the United States during her grace period. As soon as the appointment is scheduled, Ms. Chatterjee may make plans to travel to the appropriate U.S. Embassy to receive the visa. Although she is not allowed to work in the United States during this period of time until the Embassy actually grants the H-1B visa, if the Court were

to grant the H-1B petition or order USCIS to do so tomorrow, the pause in Ms. Chatterjee's ability to work in the United States should be minimal and the harms to Ms. Chatterjee and/or LexisNexis would likely be manageable.

DATED: August 1, 2019

Respectfully submitted,

DUANE MORRIS LLP

*/s/ Michael J. Schrier*
Michael J. Schrier
(D.C. Bar No. 444693)
Denyse Sabagh
(D.C. Bar No. 369113)
DUANE MORRIS LLP
505 9th St., NW, Suite 1000
Washington, D.C.  20004-2166
Tel:  202-776-5221
Fax:  202-478-0158
MJSschrier@duanemorris.com
DSabagh@duanemorris.com